Archibald C. Wemple, J.
The affidavit of errors herein contends that the conviction was against the weight of evidence; that the Trial Judge erred in failing to grant a motion to dismiss both at the end of the People’s case and also following a motion to dismiss by the Assistant District Attorney; that the conviction was contrary to law; and that there were other miscellaneous reversible errors in the trial proceedings.
This appeal brings up for review some very interesting and novel points of law, and certain specific ruling's by the trial court. The inescapable conclusion reached by this court is. that the conviction should be reversed on the ground that it is both contrary to law and contrary to. the weight of evidence.
To sustain a conviction' of reckless driving, the People had to show beyond a reasonable doubt that the defendant, on July 6, 1958, in the Town of Niskayuna, operated his automobile in a reckless manner and so as to unreasonably interfere with the free and proper use of the highway and unreasonably endangering the users of said highway. In short, it must be shown that the defendant failed to exercise the reasonable care, the reasonable caution or the reasonable foresight of a reasonably prudent and careful person.
The main and basic question herein is whether the defendant violated the law in making a left-hand turn through the mall on the Schenectady-Troy Highway known as Route 7. The highway in question is a State highway with two lanes running *419 in a general easterly direction and two lanes running in a westerly direction, each two lanes divided by a mall with occasional cross-over points. On the trial, it was testified that the defendant entered the highway about 300 feet west of the open crossover point, continued in the southermost lane in an easterly direction about 250 feet, put on his left directional signal (which the complainant did not observe), and put out his left hand to make a left turn from said southermost lane across the so-called passing lane (also running in an easterly direction) and into the mall opening, when his left rear was struck by the left front of the complainant’s car. It is clear from the testimony that there were two or more cars slowed in motion behind the defendant’s car as the defendant made the left turn just described; and it appears that the complainant, on his own testimony, was going 45 to 50 miles per hour (within the legal limit) and that he skidded some 36 feet before striking the left rear of the defendant’s car.
It should be noted that there was no intersection, as such, involved in this case, but rather a cross-over, and that the defendant was making a left U-turn for the purpose of reversing his direction of travel so as to proceed in a westerly direction toward Schenectady.
The complainant testified that he observed the slowed cars on his right some distance away and that he applied his brakes 75 feet away from the defendant’s car and skidded into the rear of the defendant’s car as he was crossing the “ passing ” lane.
From the facts alluded to, it appears that the court might have justifiably dismissed the information at the close of the People’s case. The testimony of the complainant that he passed two or three “ stopped ” cars while going 45 to 50 miles per hour, and observed the defendant’s car making a left turn 75 feet away, did not establish the guilt of this defendant of the misdemeanor of reckless driving. The evidence at this point in the trial was sufficiently inconclusive to justify a dismissal.
The trial progressed and, in his defense, the defendant testified that he was almost through the opening in the mall when his car was struck by the complainant’s car. The defendant’s testimony was corroborated by the passenger, following which a witness for the defendant testified that the complainant was traveling 60 miles per hour (over the speed limit). At this point, the Assistant District Attorney stated that after listening to the testimony “ I personally feel that the People have not proved everything essential or rather every essential element of *420 guilt here beyond a reasonable doubt and at this time I have no alternative but to make.a motion to dismiss the information.”
The defendant’s counsel joined in the motion, but the Trial Judge did not rule on it.
Later Mr. G-rabicki, the Assistant District Attorney, withdrew “ that motion ” over the objection of the defendant’s attorney, who asked for a ruling. The court made no decision, to which the defendant’s attorney took exception.
This is one of the novel points in this ease. Of course, it was the responsibility of the Judge to give this defendant a fair and impartial trial. It seems clear that, based upon the testimony before the court at that point and the motion of the Assistant District Attorney, that the Trial Judge could have, or should have dismissed the information and discharged the defendant. In any event, he should have ruled upon the motion. There are such sections of the Code of Criminal Procedure as section 410, where the court may advise a jury to acquit where the court deems the evidence insufficient to warrant a conviction of the crime set forth in the indictment or information. Unless the motion of the Assistant District Attorney was obviously and patently unwarranted or unjustified or capricious, which does not appear to be the case herein, the Trial Justice, in the interest of justice, might well have concluded the trial at this point, acquitting the defendant and affording him the benefit of a reasonable doubt.
Keeping in mind the nature of the offense, i.e. the charge of reckless driving, an analysis of the defendant’s actions indicates that he made a left turn with caution by using both a mechanical directional signal and his hand, and made the left turn to reverse his course of travel and to enter the flow of traffic in a westerly direction in a prudmit, careful and cautious manner.
The Trial Judge erred in holding that the defendant should have been in the passing lane to make his turn at the point in question. This would be the law if the turn were made at an intersection, as required by subdivision (c) of section 1160 of the Vehicle a.id Traffic Law. The situation here seems to be governed by section 1163 of the Vehicle and Traffic Law, which states that a turn ‘ ‘ from a direct course or move right or left upon a roadway ” shall not be made unless such movement can be made with reasonable safety and upon giving appropriate signals. In order for the defendant to make a U-turn and proceed in a reverse direction, he had to start from the southernmost lane in order to meld and merge into the traffic going in a westerly direction on either of the opposite two lanes of the highway in question. It would have been physically *421 impossible, in a modern automobile, to make a complete U-turn without starting from the position in the southernmost lane. The signals given by the defendant appear to have been reasonable and within the requirements of the law.
The conclusion reached after a careful study of the minutes is that the speed of the complainant, rather than the method of turning used by the defendant, or at least a combination of the two, was the producing cause of the collision. The essential thing is that no misdemeanor is attributable to this defendant.
This court compliments the Trial Judge upon his constructive and conscientious manner of handling the trial in which so many novel and unique situations arose. Likewise, this court compliments the Assistant District Attorney, Stanley G-. G-rabieki, Esq., for his candor and fairness in his prosecution of the case.
The conviction is reversed on the law and the facts. The fine of $50 is remitted, and the suspended sentence of 30 days in the county jail is reversed, and the record of conviction is hereby expunged.
Submit order.